Sedgwick, J. (concurring).
Our statute of 1865 called for proof upon the trial of what was notice of presentment and non-payment, according to the laws of Pennsylvania, and what proof of such notice was authorized and required by such laws. This was a matter of fact to be governed by the common-law rales of evidence, and our statutes. The evidence must be given upon the trial (§ 486 of 1 Or. Bn. and note of editor referring to a new section, § 688a, added by him to his edition of Story’s Cortf. of Laws). | 426 of the Code of Procedure enacts that printed copies of statutes of any state, &c., purporting to be published by authority, shall be admitted on all occasions as presumptive evidence of the laws of such state, and the unwritten or common law of any other states &c., may be proved as facts by parol evidence, and the book of reports of cases adjudged in these courts, may also be admitted as presumptive evidence of such laws.
In Cutter n. Wright (22 N. Y. 472), one of the judges considered that on the question of usury raised *201 at the trial in regard to a contract governed by the laws of Florida, the Code cited above made it legal to examine the statutes of Florida for the first time in the court of appeals. But in Hunt v. Johnson (44 N. Y. 27), one of the judges said, and it seems to me more fairly, that the statute must be proved on the trial, or otherwise not considered on appeal. It was but evidence of a fact, and only presumptive evidence, as to which the opposing party had a right to give further evidence. Such a proceeding could take place only on the trial, and was itself subject to review upon appeal.
In the present case the Pennsylvania statute, on which the plaintiff relies, was duly proven at the trial, and under this the notary’s certificate was admitted.
There was no proof, however, of what notice of presentation and non-payment of a promissory note, the laws of Pennsylvania required to make an endorser liable. On this point, for the reasons stated in respect of statutes, the books of reports of cases adjudged in the court of Pennsylvania, were not evidence when cited in the case for the first time on this appeal, nor were they evidence to show that the language of the certificate, “ of all which I duly notified the endorsers,” were by the laws of that state, prima, facie evidence of the existence of the fact of sufficient notice. By the common law, to which we are left in construing the certificate, the phrase quoted does not state facts, but a declaration that some unstated facts were sufficient in the notary’s opinion to constitute the notice to be by law given to the endorser to make him liable.” It is therefore not proper to examine if the present certificate' has the effect claimed by plaintiff, under the reported cases cited from the Pennsylvania Reports.
We are not, then, called upon to give a more particular construction of the statute of 1865, of this state. There is a question as to the meaning of fhe provision, *202 “ proof, &c., of such notice thereof, may be made as is authorized and required by such law.”
“ The word evidence, in legal acceptation, includes all the means by which any alleged matter of fact, the truth of which is submitted to investigation, is established or disproved. This term, and the word proof,\ are often used indifferently, as synonymous with each other, but the latter is applied by the most accurate logicians to the effect of evidence, and not to the medium by which truth is established (1 Gr. Ev. § 1). If the word “proof,” in the statute designates the means of establishing the facts, the effect of the evidence would be left entirely to our courts, to be applied to the law of Pennsylvania, as to what notice was necessary to be given to an endorser. This construction would agree with the general, useful, and easily-applied rule, that the weight and sufficiency of testimony is controlled by the lex fori."
On the other hand, if the word implies the means of proof, and its sufficiency to establish the existence of the fact under investigation, the broader rule would be recognized as the object of the statute, that the obligations of parties to a contract made and to be performed in another state, are governed by the laws of such state. And if it appeared, in a case like the present, that the obligations of the defendant were such as were created by the laws of Pennsylvania and that there an endorser would be liable, prima facie, so far as notice was concerned by the production of a notary’s certificate like the one here, the statute of our state would provide for such a case. I am inclined to the latter construction, because the statute ends with the words, “And on such proof being made, the said bill of exchange or promissory note or bank check, shall be held to be, and deemed to have been duly presented, &c., and notice of all thereof duly given.” This can not mean that if the same kind of evidence is used here *203 that is authorized in another state, notice shall be deemed to be given, irrespective of the contents of the evidence.
But for the reasons stated in the learned Chief Justice’s opinion, as well as here, I concur in the conclusion arrived at by him.
Monell, Ch. J., concurred in this opinion.